UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 3:15-cv-519-JVB-MGG |
| EARL D. MILLER, 5 STAR COMMERCIAL, LLC, and 5 STAR CAPITAL FUND, LLC, | ) ) ) |
| Defendants, and | ) ) |
| MATTHEW D. GINGERICH, | ) ) |
| Relief Defendant. | ) ) |

**ORDER**

This Court recently issued an order granting a permanent injunction and various forms of monetary relief against Defendant Earl D. Miller. (DE 122.) Plaintiff United States Securities and Exchange Commission now seeks final judgment and a permanent injunction against Defendants 5 Star Commercial, LLC, and 5 Star Capital Fund, LLC (the "5 Star Defendants"). (DE 119) This time, however, Plaintiff does not seek monetary relief due to the 5 Star Defendants' insolvency. (DE *Id*. at ¶ 7.) For their part, the 5 Star Defendants consent to the judgment and injunction. (DE 119-2.) They also "waive the entry of findings of fact and conclusions of law," *see* Fed. R. Civ. P. 52(a), and any objection on the basis of Fed. R. Civ. P. 65(d). (*Id*. at ¶¶ 3, 7.)

This case arose from Defendant Miller's acts of securities fraud.[1] The fraud involved

---

[1] The specifics of Defendant Miller's involvement in this scheme are set out more fully in this Court's order of final judgment against him. (DE 120.)

using the 5 Star Defendants as his "investment" vehicles.[2] (DE 87 ¶ 3.) To secure investors, the 5 Star Defendants, through Defendant Miller, made several promises regarding the type and quality of their investments. (*Id*. at ¶¶ 50, 67.) The actual investments directly contradicted these promises, leadings to millions of dollars in losses. (*Id*.) In the order against Defendant Miller, this Court explained that these and similar allegations (which became undisputed upon Defendant Miller's Rule 37(b) default judgment) justified injunctive relief. (DE 120 at 6–9.) That logic applies with equal force here because Defendant Miller acted in his capacity as owner of the 5 Star Defendants. (*See* DE 87 ¶¶ 35, 55.) Thus, Plaintiff's motion is granted.

It is hereby ordered:

(1) The 5 Star Defendants are permanently restrained and enjoined from violating, directly or indirectly, 15 U.S.C. § 78j(b), 17 C.F.R. § 240.10b-5, and 15 U.S.C. § 77q(a). Pursuant to Fed. R. Civ. P. 65(d)(2), this paragraph also binds the following who receive actual notice of this Order by personal service or otherwise: (a) the 5 Star Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with the 5 Star Defendants or with anyone described in (a).

(2) The *Consent of Defendants 5 Star Commercial, LLC and 5 Star Capital Fund, LLC* (DE 119-2) is incorporated herein with the same force and effect as if fully set forth herein. The 5 Star Defendants shall comply with all of the undertakings and agreements set forth therein.

(3) This Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Order.

(4) There being no just reason for delay, pursuant to Fed. R. Civ. P. 54(b), the Clerk is

---

[2] These facts are taken from Plaintiff's amended complaint. The 5 Star Defendants never filed an answer to either Plaintiff's original or amended complaints. Additionally, the 5 Star Defendants "withdr[ew] any papers filed in this action to the extent that they deny any allegation in the complaint." (DE 119-2 ¶ 10.)

ordered to enter this Order forthwith and without further notice.

      SO ORDERED on September 27, 2019.

                                                   S/ Joseph S. Van Bokkelen
                                                 JOSEPH S. VAN BOKKELEN
                                                 UNITED STATES DISTRICT JUDGE